**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60517
Summary Calendar

_____

ABDAL WAHAB RAJEB TUQAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 537 536
--------------------

Before JOLLY, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Abdal Wahab Rajeb Tuqan (Tuqan), a native and citizen of

Jordan, petitions for review of the decision of the Board of

Immigration Appeals (BIA) dismissing his appeal from the

immigration judge's (IJ) denial of his applications for asylum

and withholding of removal. The BIA accepted the IJ's

determination, in light of the discrepancies between Tuqan's

first and second applications, as well as his testimony at the

immigration hearing, that Tuqan's testimony was not credible.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA also found that Tuqan had failed to meet his burden of proof to present a believable and sufficiently supported claim.

Tuqan argues that the BIA and the IJ erred in determining that certain statements were inconsistent, and he blames any inconsistencies on translation errors or bad advice that he was given by a translator who allegedly assisted him in preparing his first application for asylum and withholding of removal. He also asserts that his supporting documentation did not undermine his testimony.

We review the BIA's determination that an alien is not entitled to asylum or withholding of removal for substantial evidence and will not reverse the BIA's determination unless the evidence compels a contrary conclusion. See Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). Additionally, we will not substitute our "judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). There is substantial evidence in the record to support the determination that Tuqan did not credibly or sufficiently support his applications for asylum and withholding of removal. Id. at 79; see also In re Y-B, 21 I & N Dec. 1136, 1139 (BIA 1998). The petition for review is DENIED.